Joshua LINER, Plaintiff,

v.

Glenn GOORD, Commissioner of Correctional Ser; John P. Keane, Superintendent; Barbara Williams Hospital Administrator, Lt. Jones, Defendants.

No. 98 Civ. 1207(VM).

United States District Court,
S.D. New York.

Sept. 28, 2000.

Joshua Liner, Bronx, NY, pro se.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Joshua Liner ("Liner"), proceeding pro se, brings this action under 42 U.S.C. § 1983 claiming violations of various constitutional rights. The Commissioner of the New York Department of Corrections and other state correctional officers and officials (collectively, "Defendants"), have moved to dismiss the complaint for Liner's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants the motion in its entirety.

---

**1.** The references to the Amended Complaint are to page numbers because that pleading is not arranged by numbered paragraphs.

## BACKGROUND

The present action "is [at least] the fifteenth suit filed by Liner in this Court, five of which were dismissed sua sponte pursuant to 28 U.S.C. § 1915." Order of Judge Alvin K. Hellerstein, dated March 30, 1999 ("Order"), at 2.

Liner presently alleges that he was forced to endure "top bunk status" even though he had "excessive back pain." Amended Compl. at 2, 3.[1] Liner claims that he was issued one of three misbehavior reports in connection with bunking on June 18, 1997 while incarcerated at Woodbourne Correctional Facility and that a disciplinary hearing was held in connection with the report. Liner claims that Officer Jones, the hearing officer and a defendant in this action, without reviewing a complete set of Liner's medical records or listening to individuals whose testimony Liner wished to present, determined during the hearing that Liner was eligible for a top bunk and then "sentenced [Liner] to cell key-lock for thirty days." Amended Compl. at 3. Liner claims that additional misbehavior reports were issued on July 21 and September 8, 1997; that he was not permitted to call certain witnesses during a hearing held in connection with the second report; and that he was placed in "key lock status" as a result of both reports. Amended Compl. at 5.

Liner further alleges that defendants Jones, Williams and Keane, conspired to tamper with his medical records; that Williams never gathered all of his medical records; and that Superintendent Keane, knowing that Liner's rights had been violated, dismissed his three appeals.

On October 28, 1998, Defendants filed their first motion to dismiss. Judge Hellerstein, to whom this case previously had been assigned, found that the "complaint ... is almost impossible to understand;" "[t]he facts necessary to understand the allegations have not been pleaded;" and

"the chief problem with the complaint is a failure to provide factual details where only general allegations of wrongdoing have been alleged." Order at 2–3. Accordingly, Judge Hellerstein granted the motion; permitted Liner to file an Amended Complaint; and offered suggestions as to how Liner could draft any amended pleading to correct the deficiencies noted.

Liner later filed his Amended Complaint, and Defendants filed the instant motion to dismiss before Judge Hellerstein. This Court conducted a conference with the parties shortly after the case had been reassigned to its docket. Liner, by then having been released from prison, attended the conference in person.

## DISCUSSION

### I. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, the Court must accept Liner's factual allegations as true and draw all reasonable inferences in his favor. *See Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59 (2d Cir.1997). It is the Court's task to assess the legal sufficiency of the complaint and not to judge the credibility of the pleadings or to assess the weight of any evidence offered in support of the action. *See Cooper v. Parsky,* 140 F.3d 433 (2d Cir.1998). A claim may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Morris v. Local 819, Int'l Bhd. of Teamsters,* 169 F.3d 782, 784 (2d Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### II. GROUNDS FOR DISMISSAL

#### 1. Failure to Replead Properly

■ The Court finds that the allegations of the Amended Complaint are virtually identical in substance to those from Liner's initial filing dismissed by Judge Hellerstein, and that this pleading, as amended, continues to lack the requisite specificity and basis in fact. *See* discussion, *infra.* When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice. *See Denny v. Barber,* 576 F.2d 465, 471 (2d Cir.1978); *Coakley v. Jaffe,* 49 F.Supp.2d 615, 629 n. 14 (S.D.N.Y.1999); *O'Brien v. Price Waterhouse,* 740 F.Supp. 276, 284 (S.D.N.Y.1990), *aff'd,* 936 F.2d 674, 676 (2nd Cir.1991); *Ross v. Bolton,* No. 83 Civ. 8244, 1989 WL 80425 (S.D.N.Y. Apr.10, 1989), *aff'd,* 904 F.2d 819, 824 (2d Cir.1990). While dismissal on this ground would be appropriate here, this Court nonetheless will accord due leniency and construe the allegations of the amended pleading and consider its merits, rather than grant summary dismissal for failure to replead properly.

#### 2. The Prison Litigation Reform Act ("PLRA")

■ Defendants have moved to dismiss for failure to exhaust administrative remedies. Before a prisoner may bring an action under 42 U.S.C. § 1983 regarding prison conditions, the PLRA requires a plaintiff to exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Defendants contend that Liner failed to appeal certain decisions of defendant Superintendent Keane to the Central Office Review Committee (the "Committee") and that dismissal is therefore appropriate pursuant to the PLRA.

In this case, assuming that Liner was required to exhaust each of his claims, the Court could dismiss this action based on Liner's failure to appeal to the Committee as a separate and independent ground. *See Cruz v. Jordan,* 80 F.Supp.2d 109 (S.D.N.Y.1999); *Vital v. Strack,* No. 96 Civ. 8291, 1998 WL 17695 (S.D.N.Y. Jan.20, 1998). Given the fact that Liner has been released from prison and could not now be ordered to exhaust all available administrative remedies, the Court will consider the merits and not grant judgment to Defendants for failure to exhaust remedies.

### 3. Conspiracy

 Liner alleges that defendants Keane, Jones and Williams conspired to tamper and destroy his medical records. Liner, however, fails to state how defendants conspired to alter and delete the records and which records, if any, were destroyed. It is well-established that "a complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993)); *Polur v. Raffe*, 912 F.2d 52, 56 (2nd Cir.1990), *cert. denied*, 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). Because Liner's conspiracy allegations in the Amended Complaint remain general, conclusory and unsupported by specific factual details, the conspiracy claims must be dismissed. *See Leon,* 988 F.2d at 311; *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977).

### 4. Deliberate and Callous Indifference

 Liner alleges that defendants Jones, Williams and Keane acted with deliberate indifference when they failed to gather all of his medical records for Liner's disciplinary hearing; reached a determination that there was no back condition precluding Liner from being placed in a top bunk; and sentenced Liner to "keylock" on three occasions. The Court construes this claim as an attempt to demonstrate deliberate indifference to Liner's serious medical needs.

 To establish an unconstitutional denial of medical care, Liner must prove deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The deliberate indifference standard includes both objective and subjective components. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998). In objective terms, the alleged deprivation must be "sufficiently serious." *Chance*, 143 F.3d at 702. Defendants must further act with a sufficiently culpable state of mind. *See id.*

Here, Liner, on the basis of his vague general pleadings, cannot satisfy both prongs for establishing deliberate indifference to medical needs. Even assuming that Liner suffered from a serious back condition, from what could be culled from the Amended Complaint there is not sufficient indication that Defendants acted with the requisite culpable state of mind nor a demonstration that any correctional officer knew of and disregarded Liner's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, these claims must be dismissed.

### 5. Gross Negligence

Liner further alleges a claim of gross negligence against two defendants. The fourth count against Keane "charges the defendant with Gross [sic] negligence, charges defendant with instituting [a] policy [and] practice which govern[s] double bunking without adequate screening." Amended Compl. at 10. Count two against Williams "charges defendant with gross negligence" in connection with her work with Liner's medical records. *See id.* at 11.

 A gross negligence claim standing alone, unsupported by any federal action that would permit the Court to exercise its pendent jurisdiction to consider a claim based solely on state law, may provide grounds for dismissal. Gross negligence, however, as pleaded here by an incarcerated pro se plaintiff, is "somewhat akin" to deliberate indifference, and the Court will so treat it for the purposes of this motion. *See Vogelsang v. County of Cayuga*, No. 95 Civ. 1123, 1998 WL 146293, at *4 (N.D.N.Y. March 25, 1998) (Pooler, J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 649 F.2d 134, 145 (2d Cir.1981)).

The Court has already addressed Liner's deliberate indifference claim. In addition, Liner has alleged no facts detailing how Keane or Williams was grossly negligent. Moreover, Liner has conceded that "bouble [sic] bunking is not an issue before

this court." Amended Compl. at 1. Finally, Judge Hellerstein concluded that

> as to the claim concerning the constitutionality of the double bunking policy at Woodburne Correctional Facility, Judge Stein thoroughly analyzed the issue in *Bolton v. Goord,* 992 F.Supp. 604 (S.D.N.Y.1998) and concluded that the policy is constitutionally sound. I find Judge Stein's opinion to be thoughtful and well-reasoned, and plaintiff alleges no set of facts which suggest that I should reach a different conclusion as to his particular situation.

Order, at 2–3. Judge Hellerstein's conclusion remains the law of the case, especially where Liner has failed to allege any additional facts establishing gross negligence.

### 6. *Due Process*

■ Liner claims, among other things, that Officer Jones determined that Liner was eligible for a top bunk without having all of Liner's medical records and without the testimony of certain witnesses. Liner further claims that Superintendent Keane affirmed the results of three disciplinary hearings with knowledge that Liner's rights were violated. The Court, again extending due leniency to the pleadings, broadly construes these allegations as an attempt to set forth a due process claim.

■ While the United States Supreme Court held that an inmate should be allowed to call witnesses at a disciplinary hearing, prison authorities are given broad discretion to deny an inmate's request to call witnesses "for irrelevance, lack of necessity or the hazards presented in the individual cases." *See Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Simply put, at the administrative proceedings here at issue, Liner was not entitled to the "full panoply of rights due a defendant in a criminal prosecution." *Id.* at 556, 94 S.Ct. 2963.

In this case, Liner admits that he was able to call some witnesses, including defendant Williams. Amended Compl. at 4. One of his witnesses, Mrs. Gill, was in the hospital "having brain surgery" and was thus unavailable at the time of the hearing;

another witness was at a different correctional facility. Amended Compl., at 3, 5. In addition, Liner has failed to describe what testimony was allegedly excluded and what its relevance may have been; how his rights were violated by not having these witnesses, including defendant Superintendent Keane; or what their testimony would have added materially to his disciplinary hearings that might have altered the outcome. Similarly, with respect to the claim directed at Keane, Liner cites no factual grounds supporting why Superintendent Keane's actions in denying his appeals were anything other than normal procedure.

### 7. *Commissioner Goord*

■ The only mention of defendant Commissioner Goord in the entire Amended Complaint is in its introduction:

> And the plaintiff an [sic] Mr. Keane was [sic] familiar with each from another facility, the episode dealt with the policy making of double bunking adopted by DOCS, Commissioner Glenn Goord, where at that stage each inmate was obligated to be placed in [sic] double cell; which meant a lower bunk would need approval, policy making that of defendant Goord had sole responsibility.

Amended Compl. at 2.

Personal involvement of a defendant-state official in an alleged constitutional deprivation is a prerequisite to an award of compensatory damages under § 1983. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). Liner has conceded that double bunking is not an issue (*see* Amended Compl. at 1) and has failed to articulate any personal involvement by Commissioner Goord in connection with any of the allegations presented here. *See* Defendants' Memorandum at 20–22. Accordingly, Liner's claim against Goord is dismissed.

### CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED** that Defendants' motion to dismiss is granted in its entirety.

The Clerk of the Court is directed to close this case.